FILED
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

     Plaintiff - Appellee,

v.

MICHAEL S. YOUNG; MARIA C.
YOUNG; CASA CONEJO LLC; HASE
HAUS, LLC; SALVE REGINA TRUST;
TF ALLIANCE, LLC; WEST BEACH
LLC,

     Defendants - Appellants,

and

MEDIATRIX CAPITAL INC.; BLUE
ISLE MARKETS, INC., St. Vincent & the
Grenadines; BLUE ISLE MARKETS,
LTD; MICHAEL S. STEWART; BRYANT
E. SEWALL; MEDIATRIX CAPITAL
FUND LTD.; ISLAND TECHNOLOGIES
LLC; VICTORIA M. STEWART; HANNA
OHONKOVA SEWALL; MICHAEL C.
BAKER; WALTER C. YOUNG, III;
ARUAL LP; DCC ISLANDS
FOUNDATION; KEYSTONE BUSINESS
TRUST; WEINZEL, LLC; THE 1989
FOUNDATION; MEDIATRIX CAPITAL
PR, LLC; MEDIATRIX CAPITAL, LLC;
BLUE ISLE MARKETS INC., Cayman
Islands; K8EDW, LTD.; TYLER WOOD,

No. 23-1339

Defendants.

------------------------------

MARK B. CONLAN,

Receivers.

---

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:19-CV-02594-RM-SKC)**

---

Tracy L. Ashmore, Robinson Waters & O'Dorisio, P.C., for Defendants – Appellants.

Morgan E. A. Bradylyons, Bankruptcy Counsel, (Megan Barbero, General Counsel; Dominick V. Freda, Assistant General Counsel, with her on the brief), Securities and Exchange Commission, Washington, D. C., for Plaintiff – Appellee.

---

Before **TYMKOVICH**, **MATHESON**, and **McHUGH**, Circuit Judges.

---

**MATHESON**, Circuit Judge.

---

This interlocutory appeal arises from a pending Securities and Exchange Commission enforcement action against Michael Young and others alleging a fraudulent investment scheme. The parties stipulated to a preliminary injunction freeze of the Defendants' assets.

In April 2020, Michael and spouse Maria Young moved to release some of their frozen assets. The district court denied the motion. In November 2020, the Youngs again moved to unfreeze some of their assets. The district court denied the motion, the Youngs appealed, and this court affirmed.

In March 2023, the Youngs again moved to unfreeze, making the same arguments they attempted to present in their previous appeal.  The district court denied the motion based on law of the case and because the motion improperly asked for reconsideration.

Now the Youngs appeal again, asserting we have jurisdiction under 28 U.S.C. § 1292(a)(1).  As we explain below, we dismiss this appeal because we lack jurisdiction to review the denial of their March 2023 motion.

## I.  BACKGROUND

### A. *SEC Complaint and Preliminary Injunction Asset Freeze*

In September 2019, the SEC filed a complaint against individual and corporate defendants, alleging a fraudulent investment scheme.  The defendants include Mr. Young, Michael Stewart, Bryant Sewall, and their company, Mediatrix Capital Inc.  Their spouses—Ms. Young, Victoria Stewart, and Hanna Sewall—are relief defendants.[1]

The SEC alleged that Defendants raised over $125 million from investors by representing they would use a "highly profitable algorithmic trading strategy." App., Vol. I at 46.  The SEC further alleged that Defendants lied about how much money they were managing, misappropriated investors' funds for personal gain, and misrepresented the profitability of their trading scheme.

---

[1] "A relief defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity" and "may be joined in a securities enforcement action to aid the recovery of relief."  *Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 225 (2d Cir. 2010) (quotations omitted).

In October 2019, the parties stipulated to a preliminary injunction freeze of the Defendants' assets, subject to the Defendants' right to ask the court for relief from the freeze and the SEC's right to oppose.

## B. *Motions to Unfreeze Assets*

The Youngs moved to unfreeze some of their assets three times. The district court denied each motion.

### 1. **April 2020 Motion and *Liu***

In April 2020, the Youngs filed their first motion. The district court denied it on June 25, 2020, three days after the Supreme Court decided *Liu v. SEC*, 591 U.S. 71 (2020). The Youngs did not appeal.

*Liu* addressed "whether, and to what extent, the SEC may seek 'disgorgement' in the first instance through its power to award 'equitable relief' under 15 U.S.C. § 78u(d)(5)." 591 U.S. at 74. The Court said the disgorgement remedy "deprive[s] wrongdoers of their net profits from unlawful activity" and clarified that a "disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under § 78u(d)(5)." *Id.* at 75-76, 79.

### 2. **November 2020 Motion and Tenth Circuit Appeal**

In November 2020, the Youngs filed a second motion to unfreeze, requesting $60,000 "solely for the purpose of retaining and paying counsel." App., Vol. II at 368. They cited *Liu* only to support their argument that "the SEC will still be in control of assets with an approximate value of $6,000,000, which is far more than an amount that the SEC can obtain in disgorgement from Mr. Young." *Id.* at 378. The

court denied this motion, stating the Youngs had not shown "the funds requested are untainted by the alleged underlying fraud" and had not refuted that "the assets currently available will be insufficient to compensate the defrauded investors in this case." App., Vol. IV at 1141.

The Youngs appealed. We consolidated their appeal with appeals brought by Mr. and Ms. Stewart and Mr. and Ms. Sewall of two orders denying their motions to unfreeze assets. *SEC v. Young*, No. 21-1061, 2022 WL 2977080, at *3 (10th Cir. July 28, 2022) (unpublished). We stated that we had jurisdiction under 28 U.S.C. § 1292(a)(1). *Id.* at *1.

On appeal, the Youngs argued:

(1) "The lower court applied an incorrect legal standard to the Youngs' motion seeking limited relief from the asset freeze to pay counsel."

(2) "Even in civil cases, a defendant has a constitutional Fifth Amendment right to retain counsel before the government deprives a defendant of all of his property permanently."

(3) "The district court erred by failing to vacate or modify the prejudgment asset-freeze Order in light of the United States Supreme Court's recent decision in *Liu v. SEC*, 140 S. Ct. 1936, 1950 (2020)." They argued, based on *Liu*:

   a. "There is no statutory authority for the SEC to obtain a prejudgment asset freeze at all."

   b. "The Youngs are, at a minimum, entitled to a hearing to determine a proper estimate of the amount of a prejudgment asset freeze vis-à-vis their assets."

        c.  "Relief Defendant Maria Young's assets should be
           released from the asset freeze."

Aplt. Br. at 19, 29, 31, 34, *Young*, 2022 WL 2977080 (No. 21-1061).  We refer to the

foregoing as the (1) "incorrect legal standard," (2) "Fifth Amendment," and (3) "*Liu*"

arguments.

      We found that the Youngs "forfeited the . . . arguments in the district court"

and "waived them for purposes of this appeal" by failing to argue for plain-error

review.  *Young*, 2022 WL 2977080, at *4.  On their *Liu* arguments, we said they

"raised *Liu* [in their November 2020 motion] to emphasize the reasonableness of their

$60,000 request [to unfreeze assets] compared to the $6 million attributed to them,"

not for the "proposition that the district court must hold a hearing and narrow the

prejudgment asset freeze to estimated net profits."  *Id.*[2]

### 3. **March 2023 Motion**

      In March 2023, the Youngs filed a third motion to unfreeze assets, requesting

$510,000 solely to pay counsel and litigation costs.  They raised the same arguments

listed above that we held they waived in the prior appeal.  *Compare* App., Vol. V

at 1367, 1375, 1381, 1383, 1384, *with Young*, 2022 WL 2977080, at *4, *and* Aplt. Br.

at 19, 29, 31, 34, *Young*, 2022 WL 2977080 (No. 21-1061).  The district court denied

this motion as an improper request for reconsideration and as barred by the law of the

---

[2] The "only argument we f[ou]nd properly preserved" in the consolidated
appeal stemmed from the "district court's September 2021 order denying the
Stewarts' and Sewalls' renewed motion for partial relief from the asset freeze."
*Young*, 2022 WL 2977080, at *5.

case doctrine due to our prior decision that the Youngs forfeited and waived all of these arguments.

The Youngs then brought this appeal, again raising the same arguments listed above that they raised in their prior appeal. *Compare* Aplt. Br. at 23, 24, 33, 34, 36, 39, *with* Aplt. Br. at 19, 29, 31, 34, *Young*, 2022 WL 2977080 (No. 21-1061).[3]  They also challenged the district court's application of the law of the case doctrine. Aplt. Br. at 18.

\*      \*      \*      \*

As we explain below, we lack jurisdiction because the March 2023 motion raised issues that could have been raised in the November 2020 motion.  The key procedural steps described above that lead us to this conclusion were:

- November 2020 - The Youngs moved to unfreeze assets.  The district court denied the motion.  The Youngs appealed.

- July 2022 - The Tenth Circuit affirmed, holding the Youngs forfeited their arguments in district court and waived them by failing to argue plain error on appeal.

- March 2023 - The Youngs moved to unfreeze assets.  They presented the same arguments that this court previously said they forfeited.  The district court denied the motion.  This appeal followed.

---

[3] In the prior appeal, we described the Youngs' argument that the district court applied an incorrect legal standard as contending that "[t]he district court failed to apply a multi-factor balancing test when deciding whether to modify the asset freeze." *Young*, 2022 WL 2977080, at *4.  In their March 2023 motion, the Youngs used this description of their incorrect legal standard argument, arguing that the district court must apply the balancing test.  App., Vol. V at 1367, 1375.

## II. **DISCUSSION**

The SEC contends we lack jurisdiction under 28 U.S.C. § 1292(a)(1) because "the Youngs offered neither new arguments nor new facts" to support their March 2023 motion, and "[t]he event that prompted the [motion]—this Court's affirmance of the district court's order denying the Youngs' previous motions—is not the kind of legal or factual development that would render 1292(a)(1) applicable to this interlocutory appeal." Aplee. Br. at 5-6.

In response, the Youngs say they "seek modification of the asset freeze in response to the change in law announced by the United States Supreme Court in *Liu*," and argue "there is a precise nexus between the change in law and the issues raised in this appeal." Aplt. Reply Br. at 6.

This court has not squarely addressed the scope of our jurisdiction over appeals of district court orders ruling on successive motions to modify a preliminary injunction under § 1292(a)(1). We do so here. By "successive motion," we refer to a motion that raises the same issues or issues that could have been raised in a prior motion. *See FTC v. Simple Health Plans LLC*, 58 F.4th 1322, 1330 (11th Cir. 2023); *Birmingham Fire Fighters Ass'n 117 v. Jefferson County*, 290 F.3d 1250, 1253-54 (11th Cir. 2002); *Gill v. Monroe Cnty. Dep't of Soc. Servs.*, 873 F.2d 647, 648 (2d Cir. 1989); *see also F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987) (describing a motion as "obviously successive" where "nothing had changed since the denial of the [prior] motion" and "[t]he factual and

legal bases offered in support" of the motion were "indistinguishable" from those offered for the prior motion).

A. *Legal Standard*

1. **Title 28 U.S.C. § 1292(a)(1)**

Under § 1292(a)(1), we "have jurisdiction of appeals from: . . . Interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." On its face, § 1292(a)(1) does not specifically address the scope of appellate jurisdiction to review a district court's ruling on a successive motion to grant, continue, modify, or dissolve an injunction.

2. *Pimentel*

In *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151 (10th Cir. 2007), we said that we "narrowly construe[]" § 1292(a)(1) because it "was intended to carve out only a limited exception to the final-judgment rule of 28 U.S.C. § 1291 and the 'long-established policy against piecemeal appeals.'" *Id.* at 1153 (quoting *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480 (1978)). Further, we said "the Supreme Court has cautioned that the statute should be narrowly construed to 'ensure that appeal as of right under § 1292(a)(1) will be available only in [limited] circumstances.'" *Id.* (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)).

This "narrow construction mandate," *id.*, thus informs the scope of § 1292(a)(1) jurisdiction to review orders "refusing to dissolve or modify

9

injunctions," 28 U.S.C. § 1292(a)(1); *see also* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Jurisdiction and Related Matters § 3924.2 (3d ed. June 2024 Update) (describing the "narrow scope of appeal" under § 1292(a)(1) for orders denying motions to modify or dissolve injunctions).

3.  **Sister Circuits**

The Eleventh Circuit limits appellate jurisdiction under § 1292(a)(1) to review an order denying a successive motion for a preliminary injunction or to modify or dissolve a preliminary injunction. It has developed a "rule against appealing from a successive motion" under § 1292(a)(1) with an "exception . . . if there are changed circumstances, new evidence, or a change in the law." *Birmingham Fire Fighters*, 290 F.3d at 1254. The court will not exercise jurisdiction when the motion was "merely a re-packaging in new garb of the corpse of an old motion in an attempt to resurrect it." *Id.*[4]

Under this approach, the party appealing a ruling on a successive motion must show a "close nexus between the change in circumstances, evidence, or law and the issues raised on appeal." *Id.* The appeal will be permitted "only to the extent necessary to consider whether the changed circumstances, evidence, or law requires

---

[4] *See also Winfield v. St. Joe Paper Co.*, 663 F.2d 1031, 1032 (11th Cir. 1981) (holding no appellate jurisdiction over an order refusing to grant a preliminary injunction where the motion for preliminary injunction "was simply a refiling of a motion which had been denied two years earlier" and "[t]here was a total absence of additional factual submissions to the record or even allegations of changed circumstances since the previous district court ruling").

modification of the order which is presumed to have been correct when issued." *Id.*; *see Simple Health Plans LLC*, 58 F.4th at 1330 (exercising appellate jurisdiction over an order denying a "second successive motion to dissolve [a] preliminary injunction" only to the extent a Supreme Court case decided since the prior motion "require[d] dissolution or modification of the preliminary injunction order"); *see also* Wright & Miller § 3924.2 (describing how appellate review of an order denying a motion to modify or dissolve an injunction "is confined to the propriety of refusing to modify or dissolve in light of any new matter offered to support the motion").

Other circuits take a similar approach.  For example, in *Gill*, the Second Circuit described a "limited exception to th[e] rule of nonappealability" of an order denying a successive motion for a preliminary injunction if there is a "change in facts, circumstances, or law since the[] prior injunction motions."  873 F.2d at 648-649.  In *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415 (9th Cir. 1984), the Ninth Circuit described how the "evident purpose of [§ 1292(a)(1)] is to permit review of orders made in response to claims of changed circumstances," and "[w]hen jurisdiction is accepted, the Court will ordinarily review only the new matter raised."  *Id.* at 1418 n.4 (quotations omitted).[5]

---

[5] *See also Squillacote v. Loc. 248, Meat & Allied Food Workers*, 534 F.2d 735, 750 (7th Cir. 1976) (holding no jurisdiction over an order denying a motion to vacate an injunction where there were no "changed circumstances" and the motion was made "on the grounds which had earlier been advanced to the court and the court rejected it on that basis"), *overruled on other grounds by NLRB v. Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO*, 994 F.2d 1271, 1276 (7th Cir. 1993); *Merrell-Nat'l Lab'ys, Inc. v. Zenith Lab'ys, Inc.*, 579 F.2d 786, 791 (3d Cir. 1978) (describing the "purpose of the motion to modify an injunction is to demonstrate that changed circumstances make the

The approach of our sister circuits aligns with our statement that § 1292(a)(1) "was intended to carve out only a limited exception to the final-judgment rule . . . and the long-established policy against piecemeal appeals." *Pimentel*, 477 F.3d at 1153 (quotations omitted); *see Sierra On-Line*, 739 F.2d at 1418 n.4; Wright & Miller § 3924.2.[6]

## 4. **Conclusion**

Section 1292(a)(1) authorizes appellate jurisdiction to review district court orders that grant, continue, modify, dissolve, or refuse an injunction or refuse to dissolve or modify an injunction.  As foreshadowed in *Pimentel*, and taking guidance from our sister circuits, we "narrowly construe[]" the scope of § 1292(a)(1). 477 F.3d at 1153.  When a district court has denied a successive motion to modify a preliminary injunction—a motion that raises the same issues or raises issues that could have been raised in a prior motion—we exercise interlocutory jurisdiction only if there was a change in circumstances, evidence, or law since the prior motion. *See Birmingham Fire Fighters*, 290 F.3d at 1254; *Gill*, 873 F.2d at 648-49; *Sierra*

---

continuation of the order inequitable" and denying the motion because "defendants had alleged no new facts or legal matters which could not have been presented at the original hearing on the preliminary injunction"); *Kossman Contracting Co. v. City of Houston*, 128 F. App'x 376, 378 (5th Cir. 2005) (unpublished) (describing that the "exception to the general rule against appealing from a successive motion" only applies where there are "changed circumstances, new evidence, or a change in the law" (quotations omitted)).

[6] In *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402 (6th Cir. 2012), the Sixth Circuit declined to exercise jurisdiction under § 1292(a)(1) by characterizing the successive motion as an improper motion to reconsider. *Id.* at 416.

*On-Line*, 739 F.2d at 1418 n.4; *Squillacote*, 534 F.2d at 750.  The appellant must show a "close nexus between the change in circumstances, evidence, or law and the issues raised on appeal."  *Birmingham Fire Fighters*, 290 F.3d at 1254; *Simple Health Plans*, 58 F.4th at 1330.

### B.  *Application*

We lack jurisdiction under § 1292(a)(1) to review the district court's order denying the Youngs' March 2023 motion to modify the preliminary injunction asset freeze.  In their March 2023 motion, the Youngs attempted to raise issues that we said were forfeited in their November 2020 motion.  *See Young*, 2022 WL 2977080, at *4.  They could have presented these issues in their November 2020 motion, but they did not.[7]  The March 2023 motion was thus successive.  The Youngs have not shown a change in circumstances, evidence, or law since then that would give us jurisdiction over this appeal of the order denying their successive motion.[8]

---

[7] The district court described the March 2023 motion as an "improper request for reconsideration," explaining that the Youngs "had the opportunity to present these issues on appeal" and "fail to explain why they could not have preserved and developed these arguments at an earlier stage of this litigation."  App., Vol. V at 1430-31.

[8] The Youngs' $510,000 request in their March 2023 motion compared to $60,000 in their November 2020 motion does not affect our disposition.  The Youngs did not base their March 2023 request on any change in circumstances.  They argued in both motions that they could not afford to pay counsel and have qualified for food stamps and Medicaid.  *Compare* App., Vol. V at 1374, *with* App., Vol. II at 370.  The Youngs have otherwise waived any change-of-circumstances argument on this ground because they do not raise it in their briefs.  *See Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322-23 (10th Cir. 2022) (arguments for jurisdiction may be waived); *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) (issues not raised in opening brief are abandoned or waived).

13

This conclusion aligns with our sister circuit cases that denied review when the successive motion in district court raised issues that were or could have been raised in the previous motion. *See, e.g., Simple Health Plans*, 58 F.4th at 1330; *Birmingham Fire Fighters*, 290 F.3d at 1253-54; *Gill*, 873 F.2d at 648. We not only have that situation here, but we also decided an appeal from the November 2020 motion, and the current appeal attempts to raise the same issues again.

The Youngs, having the burden to establish appellate jurisdiction, *Est. of Ceballos v. Husk*, 919 F.3d 1204, 1223 (10th Cir. 2019), do not contest that the March 2023 motion was a successive one. On the issues they attempt to raise in the instant appeal, the Youngs fail to establish a "close nexus between [a] change in circumstances, evidence, or law" since the November 2020 motion and "the issues raised on appeal." *Birmingham Fire Fighters*, 290 F.3d at 1254.

1. <u>Incorrect legal standard</u> - The Youngs argue that "[t]he lower court applied an incorrect legal standard to the Youngs' motion seeking limited relief from the asset freeze to pay counsel." Aplt. Br. at 23. When they raised this exact issue in the prior appeal, we held it was forfeited and waived. Aplt. Br. at 19, *Young*, 2022 WL 2977080 (No. 21-1061); *Young*, 2022 WL 2977080, at *4. Then they raised it again in their March 2023 motion. The Youngs could have raised this issue in their November 2020 motion, but they did not. And they have not identified any change since their November 2020 motion that would give us jurisdiction to address this issue.

2.  <u>Fifth Amendment</u> - The Youngs argue that "[e]ven in civil cases, a defendant has a constitutional Fifth Amendment right to retain counsel before the government deprives a defendant of all of his property permanently."  Aplt. Br. at 24. We also held this issue was forfeited and waived when the Youngs raised it on the prior appeal.  Aplt. Br. at 19, *Young*, 2022 WL 2977080 (No. 21-1061); *Young*, 2022 WL 2977080, at *4.  They tried to raise it once more in their March 2023 motion. Again, they could have raised this issue in their November 2020 motion, but they did not.  And they have not argued any change that would give us jurisdiction now.

3.  <u>*Liu*</u> arguments - The Youngs assert that "[b]ecause the lower court has not correctly applied *Liu* in response to the Youngs' [March 2023 motion], and because the Youngs filed a timely appeal, jurisdiction exists in this Court."  Aplt. Reply Br. at 5.  But *Liu* did not change the law *after* the Youngs' November 2020 motion. The Supreme Court decided *Liu* in June 2020.  591 U.S. at 71.  Any arguments based on *Liu* were available to the Youngs in their November 2020 motion.  Thus, the Youngs could have raised the *Liu* arguments in their November 2020 motion, but they did not.  Instead, they forfeited them in district court, waived them on appeal, and restated them in their March 2023 motion.  *Young*, 2022 WL 2977080, at *4.

Finally, the Youngs argue that the district court erred in ruling that their motion was "precluded by . . . law of the case doctrine" based on our prior interlocutory ruling.  Aplt. Br. at 18 (quotations omitted).  The district court's reliance on law of the case as an alternative ground to deny the March 2023 motion was not a change that would give us jurisdiction.  Our holding in the prior appeal that

15

the Youngs forfeited their arguments in their November 2020 motion does not show any change between that motion and the March 2023 motion. Also, courts have recognized that "changed circumstances" include developments since the prior motion that "make continued enforcement of the injunction inequitable." *Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 335, 340 (3d Cir. 1993); *Gill*, 873 F.2d at 648-49; *Merrell-Nat'l Lab'ys*, 579 F.2d at 792; *see also Birmingham Fire Fighters*, 290 F.3d at 1255 (explaining a delay in compliance with an order is not a changed circumstance). We agree with the SEC that our prior decision "affirm[ing] . . . the district court's order denying the Youngs' previous motions—is not the kind of legal or factual development that would render 1292(a)(1) applicable to this interlocutory appeal." Aplee Br. at 6. As the district court said, "fundamental aspects of this case have not changed." App., Vol. V at 1432.

In sum, on the issues they raise on appeal, the Youngs have not shown any change in circumstances, evidence, or law since their November 2020 motion that would give us jurisdiction over this appeal.

## III. CONCLUSION

We dismiss this appeal because we lack jurisdiction under 28 U.S.C. § 1292(a)(1).